IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELGIN POWER and SEPARATION SOLUTIONS, LLC, f/k/a ELGIN EQUIPMENT GROUP, LLC, as successor-in-interest to ELGIN NATIONAL INDUSTRIES, INC., and SPINNER EQUIPMENT GROUP INTERMEDIATE HOLDINGS, INC.<br><br>Plaintiffs,<br><br>v.<br><br>JERRY FARMER and MINERAL PRODUCTS, INC.<br><br>Defendants. | Civil Action No. 23-514-CFC |

Gary W. Lipkin, Michelle C. Streifthau-Livizos, SAUL EWING LLP, Wilmington, Delaware; Marcus S. Harris, William J. Serritella, Jr., Jillian S. Cole, TAFT STETTINIUS & HOLLISTER LLP, Chicago Illinois; O. Joseph Balthazor, Jr., TAFT STETTINIUS & HOLLISTER LLP, Minneapolis, Minnesota

*Counsel for Plaintiffs*

Keith A. Jones, PANITCH SCHWARZE BELISARIO & NADEL LLP, Wilmington, Delaware

*Counsel for Defendants*

**MEMORANDUM OPINION**

February 6, 2024
Wilmington, Delaware

_[signature]_
COLM F. CONNOLLY
CHIEF JUDGE

Plaintiffs Elgin Power, Separation Solutions, LLC, and Spinner Equipment Group Intermediate Holdings, Inc. have sued Defendants Jerry Farmer and Mineral Products, Inc. In Count I of the Complaint, Plaintiffs allege that Defendants misappropriated Plaintiffs' confidential product and business information in violation of the federal Defend Trade Secrets Act (18 U.S.C. § 1839(3)). D.I. 1 ¶¶ 38–47. In Counts II and III of the Complaint, Plaintiffs assert state law claims of anticipatory breach of contract against Farmer. D.I. 1 ¶¶ 48–61. In Count IV, Plaintiffs accuse Farmer and Mineral Products of tortious interference with prospective economic advantage in violation of Delaware law. D.I. 1 ¶¶ 62–67. For each count, Plaintiffs seek injunctive relief and damages. D.I. 1 at 17–18.

Farmer resides in Illinois. D.I. 1 ¶¶ 4. Mineral Products is an Illinois corporation with its principal place of business in Illinois. D.I. 1 ¶¶ 5. Neither Defendant has any apparent connection to Delaware. Pending before me is Defendants' Motion to Dismiss Due to Lack of Personal Jurisdiction. D.I. 21.

A party may move to dismiss a case when the court lacks personal jurisdiction over the party. Fed. R. Civ. P. 12(b)(2). "Once challenged, the plaintiff bears the burden of establishing personal jurisdiction." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007) (citation omitted).

2

Plaintiffs argue that personal jurisdiction over Farmer and Mineral Products exists in this case because "Farmer signed an Employment Agreement containing an arbitration clause identifying Delaware as the forum" and because both the Employment Agreement that Plaintiffs accuse Farmer of anticipatorily breaching in Count II and the Stock Certificate that Plaintiffs accuse Farmer of anticipatorily breaching in Count III "contain[] a Delaware choice-of-law clause." D.I. 24 at 2.

"[P]arties to a contract may agree in advance to submit to the jurisdiction of a given court." *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1964). But neither the arbitration clause in the Employment Agreement nor the choice-of-law provisions in the Employment Agreement and the Stock Certificate "identif[ied]" this Court or any other Delaware court as the forum to adjudicate the claims against Farmer or Mineral Products alleged in the Complaint. And Farmer's assumption of those contractual obligations did not in any way constitute consent to the jurisdiction of this Court over the claims alleged against him and Mineral Products in the Complaint.

As an initial matter, Mineral Products is not a party to either the Employment Agreement or the Stock Certificate. Accordingly, it cannot be said to have consented to anything set forth in those contracts.

Farmer was a party to the Employment Agreement and the Stock Certificate and therefore he can be said to have consented to the choice-of-law provisions in

3

the two contracts and the arbitration clause in the Employment Agreement. The choice-of-law provisions, however, are just that—choice-*of-law* provisions. They are not choice-*of-forum* provisions. They provide merely that Delaware law governs the parties' disputes; they in no way require the parties to submit to the jurisdiction of Delaware courts.

The arbitration clause also does not require Farmer to adjudicate the claims alleged in this case in a Delaware court. The clause provides:

> *Except for claims for injunctive relief by the Company* for breach of any of the "Confidential Information, Non-Competition and Non-Solicitation Terms" (*which claim for injunctive relief may be brought in any court of competent jurisdiction*), *any dispute arising as to the parties' rights and obligations hereunder shall be submitted to arbitration before a single arbitrator in Wilmington, Delaware* under the National Rules for the Resolution of Employment Disputes of the American Arbitration Association.

D.I. 1-1 at 3 (emphasis added). The terms of the clause are clear. They require the parties to the Employment Agreement (i.e., Farmer and Elgin's predecessor-in-interest) to arbitrate before a single arbitrator (i.e., not a federal court) in Delaware claims that (1) arise from a dispute about the Employment Agreement and (2) do not seek injunctive relief. All other claims—including the claims for injunctive relief asserted in this case—"may be brought in any court of competent jurisdiction" (i.e., in a court that has jurisdiction over the Employment Agreement parties independent of the arbitration clause).

4

Quoting from my decision in *IMEG Corp. v. Patel*, No. 20-111-CFC, 2021 WL 184407 (D. Del. Jan. 19, 2021), Plaintiffs argue that "'when a party consents to arbitration in a particular forum it necessarily consents to personal jurisdiction in the district court of that forum.'" D.I. 24 at 11 (quoting *IMEG*, 2021 WL 184407, at *7). The quoted language, however, is taken out of context. Read in context, the quoted statement from *IMEG* was merely making note of the unremarkable proposition that when a party consents to arbitration in a particular forum it "must be deemed to have consented to the jurisdiction of the court that could compel the arbitration proceeding in" that forum. *Victory Transp. Inc. v. Comisaria Gen. de Abastecimientos y Transportes*, 336 F.2d 354, 363 (2d Cir. 1964); *see also Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 704 (1982) ("[L]ower federal courts have found such consent [to personal jurisdiction] implicit in agreements to arbitrate.") (citing *Victory Transp.*, 336 F.2d 354). As the court explained in *Victory Transport*, "[t]o hold otherwise would be to render the arbitration clause a nullity." *Victory Transp.*, 336 F.2d at 363. Thus, by virtue of the arbitration clause in the Employment Agreement, Farmer implicitly consented to the jurisdiction of this Court to enforce his agreement to arbitrate the claims covered by that clause. He did not, however, consent to this Court's jurisdiction for matters unrelated to the enforcement of that clause.

Plaintiffs similarly argue that the Third Circuit in *BP Chemicals Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254 (3d Cir. 2000) "signaled that an agreement to arbitrate in a specific location 'would probably—and properly—be regarded as a waiver of objections to judicial jurisdiction as well.'" D.I. 24 at 11 (quoting *BP Chemicals*, 229 F.3d at 261–62). But here again, the dicta they quote from *BP Chemicals* is taken out of context. At the end of the paragraph in which the dicta is found, the court in *BP Chemicals* took pains to note that an "arbitration clause is [an] insufficient basis for [a court's exercise of] jurisdiction over [a] suit even between the parties to the contract containing the clause *until the plaintiff indicates a desire to arbitrate the suit.*" 229 F.3d at 262 (quoting *Kahn Lucas Lancaster v. Lark Int'l Ltd.*, 956 F. Supp. 1131, 1138–39 (S.D.N.Y. 1997)) (emphasis added). Thus, consistent with *IMEG* and *Victory Transport*, the dicta Plaintiffs rely on from *BP Chemicals* stands at most for the principle that an agreement to arbitrate in a particular forum waives any objections to the jurisdiction of courts in that forum to enforce the agreement to arbitrate. In this case, Plaintiffs have not indicated a desire to arbitrate the claims alleged in the Complaint; and, in any event, since Plaintiffs seek injunctive relief by their claims, under the unambiguous terms of the Employment Agreement's arbitration clause they could not compel Farmer to arbitrate the claims.

6

In sum, Plaintiffs rely solely on the arbitration clause in the Employment Agreement and the choice-of-law provisions in the Employment Agreement and Stock Certificate to meet their burden of establishing this Court's personal jurisdiction over Farmer and Mineral Products. Nothing in those contractual provisions, however, requires Farmer or Mineral Products to submit to the personal jurisdiction of this Court for the adjudication of the claims alleged in the Complaint. Accordingly, I will grant Defendants' motion (D.I. 21) and dismiss the case for lack of personal jurisdiction pursuant to Rule 12(b)(2).

The Court will enter an order consistent with this Memorandum.